UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLEN HERRIN,

    Plaintiff,

v.                                            Case No. 4:21cv135-MW-HTC

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Glen Herrin, initiated this action in March 2016 by filing complaint pursuant to 42 U.S.C. § 405(g) for review of the final determination of the Commissioner of Social Security ("Commissioner"), denying his application Disability Insurance Benefits ("DIB") and Supplemental Security Income benefits ("SSI") under the Social Security Act.  ECF Doc. 1.  After Herrin filed his supporting memorandum, the Commissioner filed an "Unopposed Motion for Entry of Judgement Under Sentence Four of 42 U.S.C. § 405(g) With Remand." ECF Doc. 17.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(D).

Upon consideration, the undersigned recommends the Commissioner's motion be GRANTED and the Commissioner's decision be REVERSED under sentence four of 42 U.S.C. § 405(g) and REMANDED to the Commissioner for further proceedings.

Title 42 U.S.C. Section §405(g) "permits a district court to remand an application for benefits to the Commissioner . . . by two methods, which are commonly denominated 'sentence four remands' and 'sentence six remands.'" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Under sentence four of §405(g), a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a rehearing." 42 U.S.C. §405(g); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Here, the Commissioner asserts that "remand is appropriate . . . so that an administrative law judge (ALJ) may further evaluate the case and issue a new administrative decision." ECF Doc. 17 at 1. The Commissioner states that upon remand:

> the Appeals Council will direct the ALJ to take any steps necessary to fully develop the administrative record and provide the claimant an opportunity for a new hearing and to submit additional evidence in support of his claim. Further, the Council will direct the ALJ to reevaluate the opinion evidence, specifically, the opinion of Dr. Slade; reevaluate the residual functional capacity; and if warranted, obtain

supplemental vocational expert evidence. *Id.* at 1-2. Based on the Commissioner's reasoning, and the fact that the motion is unopposed, the undersigned finds remand to be warranted.

Accordingly, it is respectfully RECOMMENDED that:

1. The Commissioner's Unopposed Motion for Entry of Judgement Under Sentence Four of 42 U.S.C. § 405(g) With Remand (ECF Doc. 17) be GRANTED and the Commissioner's decision denying benefits be REVERSED.

2. The clerk be directed to enter judgment in favor of Plaintiff.

3. This matter be REMANDED to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

4. The clerk be directed to close this file.

Done at Pensacola, Florida, this 22nd day of December, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 4:21cv135-MW-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.